**UNITED STATES v. HISS.**

United States District Court
S. D. New York.

Nov. 15, 1949.

**516**

Irving H. Saypol, United States Attorney, New York City, attorney for the United States.

Thomas F. Murphy, Clarke S. Ryan, Asst. U. S. Attys., New York City, Thomas J. Donegan, Sp. Asst. to Atty. Gen., of counsel, for the United States.

Debevoise, Plimpton & McLean, New York City, Claude B. Cross, Boston, Mass., Robert von Mehren, New York City, of counsel, attorneys for defendant.

IRVING R. KAUFMAN, District Judge.

The Government's application by order to show cause for an order quashing the subpoena duces tecum issued on the 25th day of October, 1949, addressed to Watson Miller, Commissioner of Immigration and Naturalization Service, returnable November 1, 1949, requiring him to produce before a Judge of the District Court certain papers described in Schedule "A" attached to the said subpoena, all of which relate to a certain Mrs. Hedda Massing, and vacating the ex parte order of the Honorable Edward A. Conger, dated November 4, 1949, ordering the said Watson Miller, Commissioner of Immigration and Naturalization, to produce for inspection of the defendant and his attorneys, in Room 318 of the United States Court House, on November 9, 1949, the papers and documents set forth in the aforesaid subpoena, is granted, without prejudice to the defendant to renew his application for a subpoena and order, as aforesaid, before the Trial Court. The defendant has sought by the said subpoena and order to inspect in advance of the trial the papers referred to in the subpoena, on the ground that said inspection is necessary in the preparation of the defense. The papers which the defendant seeks to have produced and inspected in advance of trial are the property of the Department of Justice, Immigration and Naturalization Service, and appear to be of a confidential nature. The papers relate to one Mrs. Hedda Massing, who, the defendant anticipates, will be a witness in behalf of the Government. The Government's contention, among other things, is that the production and inspection of said papers in advance of trial would be unreasonable.

Judge William Bondy ruled upon a similar application on November 10, 1949, respecting the production and inspection of papers in possession of the Department of State, and denied the Government's request for an order quashing the subpoena and vacating an order granted in said proceeding.

Upon the argument of this motion it was pointed out that the facts on the application before Judge Bondy were distinguishable from those presently before the Court.

In the application before Judge Bondy the papers in the possession of the State Department concerned one Whittaker Chambers who was the principal witness against the defendant in the previous trial, and will be a witness against the defendant in the second trial. The records here sought pertain to a witness who, the Government says, may or may not be called to testify against the defendant. Furthermore, defendant's counsel asserted upon the argument that he will vigorously oppose any testimony by said witness on the ground that it was highly prejudicial to the defendant.

It appears, therefore, that the defendant's application is premature since two factors are still to be met: (1) The imminence of the witness being called and (2) the Trial Court's ruling that the witness' testimony can be received.

To permit the subpoena and the ex parte order to stand would, it seems to the Court, set a precedent whereby defendants could promiscuously seek subpoenas under Rule 17(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which the Clerk

issues without question, and ex parte orders, for the production and inspection of confidential records, which either might not be relevant ·upon the trial or the use of which might become academic in view of the action taken by the Trial Court.

If Mrs. Massing is called as a witness at the trial, which has been set for November 17th, it will then be time enough for the Trial Court to consider whether the documents sought by the aforesaid subpoena and order should be produced and inspected. See United States v. Brumfield, D.C.W.D.La. 1949, 85 F.Supp. 696, 708.

The Government's motion to quash the subpoena and vacate the order as aforesaid is granted without prejudice as indicated above.